MICHAEL COHN and Another, Respondents, v. OREAN COMPANY, INC., Appellant.

First Department, May 4, 1923.

Principal and agent — action for commission on sale of real estate — verdict that owner accepted offer is against evidence — incompetent evidence prejudiced defendant.

In an action to recover commission on the sale of real estate, the verdict of the jury in favor of the plaintiffs on the issue whether or not the defendant accepted the offer of purchase made by the person procured by the plaintiffs was against the weight of the evidence.

Furthermore, there were injected into the trial of the action so many issues that were wholly foreign to the issue presented to the jury that an impartial consideration of the evidence by the jury was not possible.

APPEAL by the defendant, Orean Company, Inc., from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 2d day of May, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 24th day of May, 1922, denying defendant's motion for a new trial made upon the minutes.

*Engelhard, Pollak, Pitcher & Stern* [*Walter H. Pollak* of counsel], for the appellant.

*Henry Epstein* of counsel [*Max D. Steuer* with him on the brief], for the respondents.

Finch, J.:

The action was brought to recover a brokerage commission claimed to have been earned by procuring a purchaser, who made an offer, which was accepted, for the sale of an apartment house owned by the defendant. Said apartment house constituted practically all of its assets. Said acceptance was alleged to have been made through Miller, its president, and Hughes, its secretary, treasurer and general manager, at a meeting on December 8, 1919, between these two officers, the prospective purchaser, and the plaintiff brokers. There was but one issue of fact presented to the jury, namely, whether said officers did in fact accept the offer

An examination of the record shows that the verdict of the jury is against the evidence and the weight thereof. In addition, there were injected into the trial of the action so many issues which were wholly foreign to the issue presented to the jury, that an atmosphere of distrust and dislike could not help being created about the defendant and those connected with it, so as to prejudicially interfere with that impartial consideration of the evidence which is the due of the parties in the trial of an action. For example, evidence was left in the record that when the defendant corporation was organized a couple of years before, the organizers were employees of the counsel for the defendant. This could have no possible bearing by way of testing credibility or otherwise on the issue being tried. So, likewise, evidence was adduced that a dummy was used when the first mortgage was renewed, the mortgagee expressly consenting, as it was satisfied with the security of the land. In view of the necessity of a new trial, it is unnecessary to point out other evidence improperly left in the record, but no study can be made of this record without the conclusion being reached that the issues were befogged and improperly permitted so to remain, though, without question, inadvertently so, by the trial justice.

The judgment and order should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

Dowling, Smith, Page and McAvoy, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.